## SMITH *vs.* GORTON.

APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, THE JUDGE OF THE FIFTH PRESIDING.

Where a person, not a party to a bill or note, endorses his name on the back of it, he is presumed to have done so as a surety, and not as an endorser.

If a party endorsing his name on a note or bill, supposed he was binding himself as an endorser and not as a surety, it is an error of law, which will not avail him, when he is not led into it by the other party.

This suit is instituted against the defendant, as surety on the following promissory note :

"$307 43. On or before the first day of August next, I promise to pay Mr. Ralph Smith, or order, the sum of three

hundred and seven dollars and forty-three cents, for value WESTERN DIST.
received, in merchandise, with ten per cent, interest, per October, 1836.
annum, from the date, if not punctually paid.

"LEWIS GORTON."

(Endorsed) "GEORGE GORTON."

"Alexandria, February 27, 1830."

SMITH
vs.
GORTON.

The plaintiff alleges that the drawer of the note, is insolvent, and that the defendant, George Gorton, signed said note as surety, and is liable to pay the same, wherefore he prays for judgment accordingly.

The defendant denied the allegations in the petition, and required strict proof thereof. He further averred, that an extension of time was allowed the maker of the note sued on, without his knowledge, and that he is not liable as surety, and has had no legal notice of non-payment, &c.

The defendant's counsel offered the deposition of Lewis Gorton, taken by commission, as evidence to show that the defendant signed his name on the back of the note, as endorser and not as surety, to which the plaintiff's counsel objected, because the witness whose testimony was offered, was the drawer of the note sued on, and incompetent to testify, which objection was sustained by the court, and a bill of exceptions taken. The testimony was excluded.

Evidence of the insolvency of the drawer was produced ; but the district judge considering the defendant bound as surety, gave judgment for the amount of the note. The defendant appealed.

*Winn*, for the plaintiff.

1. This case involves the question, whether the defendant is bound as surety or endorser. He is sued in the former capacity, and his plea of want of demand and protest, cannot avail him as in a case of endorsement. 3 *Martin, N. S.*, 659.

2. The maker of a note is an incompetent witness, to testify in a suit of the holder or payee against the surety, or to testify in favor of an endorser. The deposition of Lewis Gorton, the drawer, was therefore properly rejected.

*Judge Boyce,* for defendant.

1. This case differs from the one cited by the plaintiff's counsel. The court will look beyond the face of the paper, to ascertain the intention and liability of a party to a written contract. The evidence shows that the defendant refused to become surety, but endorsed the note, and expected only to be bound as such, on receiving *notice* of demand, and failure of the principal to pay. This has not been given.

2. The decision in the third new series, should be revised. It is evidently erroneous ; even if it applied to this case, it is not law, for it measures all the responsibilities of the parties, by the same rule.

*Bullard, J.,* delivered the opinion of the court.

Where a person, not a party to a bill or note, endorses his name on the back of it, he is presumed to have done so as a surety, and not as an endorser.

This case cannot be distinguished from that of *Guidry vs.* Vives, 3 Martin, N. S. 659, and does not differ materially from that of Cooly *vs.* Lawrence, previously decided, 4 *Martin,* 639. We consider it now well settled, that when a person not a party to a bill or note, puts his name upon it, he is presumed to have done so as surety.

The defendant admits that he endorsed the note in question, which was made payable to the plaintiff's order ; but his counsel has endeavored to show, that his intention was to bind himself as endorser and not as surety, and therefore, was entitled to notice of demand on the maker, and non-payment.

If a party, endorsing his name on a note or bill, supposed he was binding himself as an endorser, and not as a surety, it is an error of law, which will not avail him, when he is not led into it by the other party.

We have not thought it necessary to inquire whether Lewis Gorton, the drawer of the note, was a competent witness, because his testimony taken on commission is before us, and would not in our opinion, if admitted, sustain the defence. If the defendant supposed that he was binding himself only as endorser, it was an error of law on his part, and nothing shows that he was led into the error by the plaintiff.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.