Hiram Gilbert and others *v.* James Cooper and another.

Where one not a party to a bill or note, puts his name upon it, he will be presumed to have done so as surety.

Where a receipt signed on the execution of a note, recites that it is made in renewal of another in the possession of the payees, which is to be returned by them, or, in default thereof, that the note last executed is to be null, payment of the latter cannot be required until the obligors are put in possession of the first note.  It is a condition precedent, upon which the right of recovery depends.

Where a party's right to recover depends on an act to be done by him, he must show an actual tender and refusal, or that every thing has been done by him, which could be done, to give effect to the contract.

APPEAL from the District Court of East Baton Rouge, *Johnson, J.*

SIMON, J. The defendants are sued as sureties on a note drawn by Woodruff and Hughes, to the order of the plaintiffs. They resist the claim on the following grounds : that Woodruff and Hughes, being indebted to the plaintiffs in the sum of $1820, made their note, by which they promised to pay the plaintiffs the sum of $1878 39, thirteen months after the date thereof : that although the note sued on purports to be dated at New York, May 1st, 1837, it was in fact made and executed at Baton Rouge, and was there received by Bayley one of the plaintiffs, who, on the same day, gave to Woodruff and Hughes a receipt therefor, acknowledging that the same was given *in lieu of another note* of Woodruff and Hughes for the sum of $1820, due on the 15th of December following, which note they promised to return ; in default of which, they agreed that the note now sued on should be held to be null and void : and that the said note of $1820 never was returned to the makers thereof. The defendants, further allege that the note was made payable to the order of the plaintiffs, but that at the time it was endorsed by the defendants, it was endorsed by said plaintiffs in blank, and that the filling up of the blank endorsement with the words " *without recourse to us*," was fraudulently done, subsequent to the endorsement of the note by the defendants, and to the prejudice of their rights. They plead that the subsequent filling up of the plaintiffs' endorsement, ought to have the effect of estopping them from demanding payment from the defendants, as they were thereby deprived of the recourse they would have had against their previous endorsers, if the note had continued in the same form it was in at the time it passed from the hands of the defendants.

The receipt alluded to in the defendants' answer is thereto annexed, and is in the following words : " Baton Rouge, 1st May, 1837. Received from Woodruff and Hughes, their note for $1878 39, at thirteen months after date, in lieu of their note for

$1820, due the 15th of December, 1837, with additional interest till due, which we promise to return; in default of which, the first above mentioned note to be null and void. Signed, Gilbert, Bayley and Draper."

The note sued on is dated "New York, 1st May, 1837;" is made payable to the order of the plaintiffs, and is endorsed first by the plaintiffs, " pay to the order of Cooper and Mussenden, without recourse to us," which endorsement is followed by that of the defendants.

The Inferior Court, after hearing the parol evidence adduced by the plaintiffs to establish the nature of the defendants' obligation, and to explain the circumstances under which the note was endorsed by the plaintiffs, gave judgment in their favor against Cooper; from which the latter has appealed.

The evidence shows clearly that the note sued on was originally endorsed by Cooper and Mussenden, previous to being endorsed by the plaintiffs; and that it was made payable to the order of the plaintiffs, was executed at Baton Rouge on the same day that the receipt shown by the defendants was signed, and was endorsed by Cooper and Mussenden, who, according to the jurisprudence of this court, as established in several cases (4 Mart. 539. 3 Ib. N. S. 659. 10 La. 374,) must be presumed to have bound themselves as Woodruff and Hughes' sureties. It is now well settled that, when a person not a party to a bill or note, puts his name upon it, he is presumed to have done so as surety. The testimony of the plaintiffs' former book-keeper, establishes beyond all doubt, that when the note sued on was returned to the plaintiffs' portfolio, it was not endorsed by Gilbert, Bayley and Draper in blank, or otherwise, but that it was then endorsed by Cooper and Mussenden. The latter was the only endorsement upon it. The witness proceeds to explain the circumstances under which the plaintiffs' endorsement was put on the note; shows that it was subsequent to the blank endorsement of the defendants; and knows of no other reason for the making of said endorsement, except for the purpose of collecting the note. This testimony appears to be corroborated by the evidence of several other witnesses, among whom, P. A. Walker says, that the note sued on, having been presented to him by Draper, in April or May, 1838,

at the time witness was Cooper's authorized agent, was not then endorsed by the plaintiffs, but had only the names of Cooper and Mussenden ; and we must conclude that it was the intention of the defendants when they endorsed the note, to bind themselves *as sureties* for the payment thereof.

The only difficulty which this case presents, arises from the receipt produced by the defendants. According to its terms, the note sued on is to be null and void, that is to say : no right of action shall exist upon it, until the other note be returned. This the plaintiffs promised to do ; it is a condition precedent upon which the right of recovery depends ; and although no time is specified in the receipt within which it is to be performed, it is clear that payment of the note cannot be required, until the obligors are put in possession of the first note. It is a *potestative* condition, which, as Pothier says, is in the power of the obligees : " *qui est au pouvoir de celui envers qui l'obligation est contractée,*" (Obligat. n. 201. Civil Code, 2019 ;) and which has the effect of suspending the execution of the obligation, until its performance. The obligees have a right of which the obligors cannot deprive them ; but its exercise is only suspended, or may be defeated, according to the nature and terms of the condition. Civil Code, art. 2023. We are, therefore, constrained to come to the conclusion, that the defendants, who, as sureties of Woodruff and Hughes, are entitled to avail themselves of all the pleas, not personal, to which their principals are entitled, (see case of *Johnson* v. *Marshall and another*, just decided,) could not be sued on the note declared upon, until the condition contained in the receipt was fulfilled, or some other act done equivalent thereto. It is a well settled rule that when the plaintiff's right of recovery depends on and arises from an act to be done by him, he must either show an actual tender and refusal, or that every thing has been done by him, which could be done, to give effect to the contract.

Now, it is true that, in this case, a motion was made by the plaintiffs for time to produce the first note, and that it was shown that the principal obligors had made a surrender of their property to their creditors, some time before the note sued on became due ; but this was, in our opinion, insufficient to show a compliance with the condition, or to account for its non-performance, or the

non-production of the first note ; and could not dispense the plaintiffs from returning the note to the principal debtors or to their syndic, and is not a valid excuse for not even producing the note on the trial of this cause. We must consider this action as having been prematurely instituted, and our judgment must be one of nonsuit in favor of the defendants and appellants.

It is therefore ordered and decreed, that the judgment of the District Court be annulled, and reversed ; and that ours be for the defendants, as in case of nonsuit, with costs in both courts.

*Avery*, for the plaintiffs.

*Elam*, for the appellants.