LAWRENCE
& HILL
*vs.*
OAKEY ET AL.

---

LAWRENCE & HILL *vs.* OAKEY ET AL.

APPEAL FROM THE COMMERCIAL COURT OF NEW-ORLEANS.

Whenever a person not a party to a bill or note, puts his name on it, he is presumed to have done so as surety, unless this presumption is destroyed by other circumstances appearing.

But where the endorsers' names appear first on a bill, although not the payees, and no explanatory evidence is offered, their endorsement will be considered as a direct and positive undertaking on their part, and not conditional.

By endorsing a bill not payable to their order, the defendants became guarantors for its punctual payment at maturity.

This is an action by the payees against the defendants, as endorsers of a bill of exchange. One W. B. Tebo drew a bill at New-Orleans, December 19th, 1839, for nine hundred and thirty-seven dollars, *payable* to the order of Lawrence & Hill, at the counting-house of S. W. Oakey & Co., in New-Orleans, three months after date. The bill was drawn on Messrs. J. H. Duggan & Co., Rodney, Mississippi. It is endorsed by S. W. Oakey & Co., and by the payees, who are the holders.

The plaintiffs allege, that the defendants endorsed said bill at the time it was drawn, and by agreement, charged two and one half per cent. commission for the use of their names. That by said endorsement they guaranteed the payment thereof at their counting-house, at maturity. That the bill was intended to have been drawn payable to their order, but was, through error, made payable to the plaintiffs. That it was accepted by the drawees, who reside in Mississippi and are said to be insolvent. The drawer has left the state, and the defendants are the only persons here liable for the payment of the same. They allege, that payment of this bill was demanded at the counting-house of defendants and refused, when it was protested, and due notice thereof given to all the parties interested. They pray judgment for its amount.

The defendants denied all the allegations in the petition, and admitted their signatures.

Upon these pleadings and issues the cause was tried. It is admitted that the only evidence offered on the trial was the bill of exchange and protest. The cause was submitted to a jury, with this evidence on the petition and answer. The jury returned a verdict for the plaintiffs. A strenuous effort was made to obtain a new trial, and overruled. From judgment confirming the verdict, the defendants appealed.

*A. Peirce*, for the plaintiffs :

1. When a person, not a party to a note or bill, puts his name upon it, he is presumed to have done so as surety, and as such, is as much bound as an endorser would be if regularly notified of protest. *Smith* vs. *Gorton*, 10 *Louisiana Reports*, 374.

EASTERN DIST.
February, 1840.

LAWRENCE
& HILL
vs.
OAKEY ET AL.

2. With this authority before the appellants they could not hope for success in this court. They are, therefore, liable for damages. 6 *Louisiana Reports*, 640, *Coffin* vs. *Pandelly*; 7 *Idem.*, 167, *Menard* vs. *Cox*; 8 *Idem.*, 180, *M'Philins' Executors* vs. *Gillise*; 13 *Idem.*, 494, *Hubbell* vs. *Clannon*.

3. The plaintiffs counsel cited the following additional authorities. 3 *Martin, N. S.*, 659 ; 5 *Massachusetts Reports*, 358 ; 11 *Idem.*, 435 ; 3 *Idem.*, 274; 9 *Idem.*, *White* vs. *Howland*; 4 *Pickering*, 311, 383 ; 14 *Johnson*, 514; 2 *Douglass*, 514 ; 3 *Cowen*, 252.

*G. B. Duncan*, for the defendants :

1. The verdict and judgment in the court below, violate the first principles of the law of Bills of Exchange. The endorser of a bill of exchange is sued, and no evidence whatever offered that they had ever been notified of the protest. *Bayley on Bills*, 315 ; 1 *Martin, N. S.*, 321 ; 10 *Martin*, 707.

2. An attempt is made to hold the defendants liable to the plaintiffs, *who are, themselves, the payees of the draft*, and the defendants but endorsers. It is not pretended that no case can occur where a second may not be liable to the first endorser ; it is only insisted that the law never presumes such liability ; and it is only on special allegations, supported by competent testimony, that the legal presumptions can be destroyed, and responsibility attached to an endorser on a bill of exchange in the hands of a payee. *Herrick* vs. *Carman*, 12 *Johnson's Reports*, 160 ; *Sillman* vs. *Wheeler*, 17 *Johnson's Reports*, 328.

3. The cases from Massachusetts Reports, and 13 Johnson, 175 ; 14 *Idem.*, 349 ; 15 *Idem.*, 425, were all cases, where the declarations contained counts with special averments, similar in effect to those in the petition in this case ; and where the *proofs* sustained the averments, the plaintiffs had judgment, not otherwise.

4. The case quoted from 10 Louisiana Reports, 374, is not strictly applicable to this case. There the instrument sued on was a promissory note, here it is a bill of exchange. The presumption which arose against the defendant in that case

EASTERN DIST.
February, 1840.

LAWRENCE
& HILL
vs.
OAKEY ET AL.

cannot hold good in this. The court will not give the plaintiffs more favor than they have asked for themselves. They aver that it was intended, and that so all of the parties understood the case; that it was an error in making the draft payable to the order of the plaintiffs, whereas it was intended that the same should have been made payable to the order of the defendants. Suppose this had been done, the defendants would have been the payees and *first* endorsers, and the plaintiffs subsequent endorsers and holders. In that hypothesis, what would have been the rights and obligations of the parties? Assuredly the plaintiffs would have been obliged to prove notice of protest.

5. In this community it has not been an unusual circumstance, on the contrary it is every day practice, for subsequent parties to sign instruments before those who are presumed to have signed first, have in fact done so. Promissory notes are frequently signed by the payees and endorsers, before they have been signed by the drawer. No inference is, therefore, to be drawn against the defendants, from the fact that they did endorse the draft before others had signed it, who were bound to do so in order to make it effectual.

*Morphy, J.,* delivered the opinion of the court.

This case bears much analogy to, and can hardly be distinguished from that of Smith *vs.* Gorton, 10 Louisiana Reports, 376. It is brought on a bill of exchange, drawn by one Tebo, on Duggan & Co., of Mississippi, and made payable to the order of plaintiffs, at the counting-house of the defendants. The latter endorsed the bill for the purpose, it is alleged, of guaranteeing its punctual payment at maturity. Whatever may have been the decisions made in other states, in cases of this kind, the well settled law here is, that, where a person, not a party to a bill or note, puts his name upon it, he is presumed to have done so as surety, unless he destroys that presumption by showing surprise, fraud, &c., or any other such circumstance. No explanatory evidence has been offered by defendants, why their names appear *first on* the back of this bill; we must then consider their endorse-

*Whenever a person, not a party to a bill or note, puts his name on it, he is presumed to have done so as surety, unless this presumption is destroyed by showing some circumstance to that effect.*

LAWRENCE
& HILL
vs.
OAKEY ET AL.

But where the endorsers' names appear first on a bill, although not the payees, and no explanatory evidence is offered, their endorsement will be considered as a direct and positive undertaking on their part, and not conditional.

By endorsing a bill not payable to their order, the defendants became guarantors for its punctual payment at maturity.

ment as a direct and positive undertaking, on their part, to pay this bill, and not as a conditional one. An absolute guaranty could have been written over their name. But the appellants contend that the plaintiffs should be bound by their own pleadings. That they have themselves averred that the bill was intended to have been drawn, not to their order, but to that of the defendants. They say, that if this had been done, defendants would have been payees, and first endorsers, and as such, entitled to all the rights of regular endorsers on negotiable paper. The fact of the bill having been domiciliated, for its payment, at the counting-house of defendants, gives strong countenance to this allegation of error. If such an error has been really committed, it is not by the plaintiffs, and it is one of which the defendants must have been cognizant. By putting their name to a bill not made to their order, they must have known that they were making themselves not endorsers, but guarantors, as the plaintiffs allege them to be. But after all, they might well be considered as having received that notice, which they complain of having been deprived of, in consequence of such error, for the demand on the acceptor has been made at their own counting-house, where they very well knew that no funds had been provided, and where they witnessed themselves, in some manner, the dishonor of the bill. The appellees have prayed for damages, as on a frivolous appeal. We do not think this a proper case to award them; an interested party may, perhaps, have had some doubts, and entertained some hopes of reversal.

It is, therefore, ordered, adjudged and decreed, that the judgment of the court below be affirmed, with costs.