DORSETT
v.
LAMBETH.

We are not able to concur with our learned brother' of the district court in the construction he has given of the legal effect of this bond. It is true, that an obligation *in solido* is not presumed, and must be expressly stipulated; but the rule ceases to prevail where an obligation *in solido* takes place of right by virtue of some provisions of the law. Code, art. 2088.

Where two persons bind themselves to pay a sum of money, each is only bound for his half; but by the contract of suretyship, the obligation on the surety is to satisfy the debt if the debtor does not. Such being the legal character and effect of the contract, where the surety is bound for a portion of the debt only, it ought to be expressed in the contract.

The judgment of the district court, so far as it relates to the heirs at law of *Philip Taylor* and of *Lambeth*, is correct, and must be affirmed.

The plaintiffs and appellees, in their answer, have asked for a change of the judgment against *Jacobs*, holding him for the amount of the bond; we think they are entitled to the relief prayed for.

The judgment of the district court, dismissing the petition of intervention of the heirs of *Philip Taylor* and against *William M. Lambeth*, appellant, is therefore affirmed : the judgment against *Charles A. Jacobs* is reversed ; and it is decreed, that the plaintiffs recover from *Charles A. Jacobs*, the surety of *William M. Lambeth*, with interest from 13th November, 1843, the following sums, to wit, *Mary L. Massey*, the sum of eight hundred and thirty-three dollars and thirty-three cents ; *Henry L. Dorsett*, the sum of eight hundred and thirty-three dollars and thirty-three cents ; *William Scott Tyler*, the sum of four hundred and sixteen dollars and sixty-six cents; *Bazil W. Tyler*, the sum of four hundred and sixteen dollars and sixty-six cents; *Harriet Vairin Reel*, the sum of eight hundred and thirty-three dollars and thirty-three cents; *Mary Therese Reel*, the sum of eight hundred and thirty-three dollars and thirty-three cents; *John W. Reel*, the sum of eight hundred and thirty-three dollars and thirty-three cents ; together with costs of suit. It is further decreed, that the appellants pay the costs of this appeal.

<div style="text-align: center">~~~~~~~~~~~~~~</div>

6   53
119   786

## CHARLES FORTIER *v.* CHARLES F. ZIMPEL.

The setting aside an order of seizure and sale, does not affect the petition, and cannot be considered as dismissing the defendant from the jurisdiction of the court; and where, from a change in the territorial jurisdiction of the court, the property to be seized is thrown into the jurisdiction of another court, the plaintiff may, nevertheless, obtain a new order of seizure, and proceed on the petition in the original court.

Article 2252, C. C., assimilates in all respects the voluntary execution to the confirmation or ratification of contracts ; and where the parties to a sale execute the contract by giving notes for the price and signing a notarial act of sale, they will not be allowed to dispute the authenticity of the act, upon the ground that a certain person had not signed the act who was not a party to the sale, and was to have signed it merely in consequence of a stipulation in favor of the vendor.

Where the vendor re-purchases property sold under an order of seizure and sale for the price, and the re-purchase is set aside on account of defects in the order of seizure, the possession which the vendor had under the void sale does not prevent his claiming interest on the original price.

The sheriff's return is *prima facie* evidence that the forms of law as to seizure, notice, appraisements and sale, have been complied with. If the return be untrue, the errors it contains should be specially set forth and shown.

The party making opposition to a monition is to all legal intents the plaintiff, and must substantiate his allegations by proof.

Proceedings on an order of seizure and sale which are litigated by the defendant, suspend prescription.

A third person cannot stand in judgment for the purpose of avoiding a judicial sale on account of informalities, of which the judgment debtor does not complain, without showing he has been injured by it, and without securing both the debtor and the seizing creditor against any loss which may result to them in consequence of the proceeding.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Benjamin* and *Micou*, for appellant. *E. A. Bradford* and *T. A. Clarke*, for appellee. The judgment of the court (*Slidell*, J. recusing himself on account of relationship,) was pronounced by

ROST, J. The plaintiff has appealed from a judgment sustaining the opposition of *John Slidell* in a monitory proceeding. The material facts of the case are as follows: The plaintiff sold a tract of land to the defendant, *Zimpel*, for one hundred and thirty thousand dollars—twenty thousand dollars cash, and the balance in fourteen notes, endorsed by the opponent and others, each note having but one endorser. Those notes bore interest at the rate of ten per cent per annum from maturity till paid, and it was stipulated by the endorsers in the act of sale, that they should not by payment acquire the right of seizing and selling the property, and that they should not exercise the rights resulting from such payment before the vendor or his assigns had received in full the price stipulated, and interest. The act of sale was not signed by one of the endorsers.

The plaintiff applied to the First Judicial District Court, in 1838, for an order of seizure and sale, alleging himself to be the holder of all the notes given him, except the two notes at one year, endorsed by *John Slidell* and *Seaman Field*, which had been paid at maturity. The petition also alleged, that *Zimpel* was absent from the State, and represented by *Frederick Frey*, his attorney in fact.

The first writ of seizure and sale issued on this petition was stayed by order of the plaintiff's attorney, and, on motion, the court issued an alias writ of seizure and sale, under which the plaintiff became the purchaser, for forty-five thousand five hundred dollars. The plaintiff applied for a monition, to which the opponent made opposition on various grounds; this opposition was dismissed in the court below, but on appeal, the judgment was reversed, and the case remanded for further proceedings. 5 R. R. 180.

On the second trial, the district court sustained the opposition, and annulled the sale, on the ground that the writ had issued for a larger amount than was really due.

The plaintiff acquiesced in the judgment, and considering the original petition as still in court, applied by a supplemental petition, in 1846, for a *pluries* writ, which was granted, and the property was sold a second time, to satisfy the balance due and interest, when the plaintiff became the purchaser for the price of nine thousand four hundred dollars. A monition was issued on this sale, and *John Slidell* made opposition to it. This appeal is taken from the judgment sustaining that opposition.

The first ground of opposition is, that the court is without jurisdiction, because the property is situated out of the parish of Orleans. This, we consider, to be a question of practice, and as such, resting on authority.

In the case of *Ursuline Nuns* v. *Depassau*, 2 N. S. 646, it was held, that the setting aside of an order of seizure did not affect the petition, and could not be considered as dismissing the defendant. The same doctrine is recognized in the cases of *Harrod* v. *Voorhies*, 16 L. R. 256. *Mader* v. *Fox*, 15 L. R. 132.

It is contended, in behalf of the opponent, that these cases differ in essential particulars from the present; that the power of the court was not contested there: the only question was as to the mode in which that acknowledged power could be exercised.

We do not perceive the distinction. If under these decisions, the petition is held to have been still in court, after the judgment setting aside the sale, the law organizing the judiciary under the New Constitution, conferred upon the Fifth District Court in relation to it, the jurisdiction of the former Court of the First Judicial District. The power of the court, on that hypothesis, cannot be drawn into question, and the plaintiff had the right to amend his petition so as to show the precise amount due, and the installments which had matured.

The rule adopted by our predecessors appears to us founded in reason, and is evidently in furtherance of justice, and we do not feel authorized to depart from it.

The next ground of opposition is, that the act of sale, not having been signed by all the parties to it, remained incomplete, and any one of them might withdraw; that the act is, therefore not binding, and if it was, it is not authentic, and cannot be the basis of an executory proceeding.

The contract was voluntarily executed by the delivery of the notes, and the taking possession of the property. Article 2252, C. C., assimilates in all respects the voluntary execution to the confirmation or ratification of contracts; and as it cannot be doubted that if all the parties in this case had either confirmed or ratified the contract by a notarial act, in due form, it would have been binding upon them; it became equally binding after their voluntary execution of it. Merlin, Questions de Droit, *verbo.* Ratification.

Under the principle recognized in *McMunus* v. *Jewett*, 6 L. R. 536, the act was authentic, and an order of seizure could issue on it. *Thompson*, the endorser, who did not sign, was not a party to the sale. The stipulation he was to enter into was for the benefit of the vendor, and had nothing to do with the original contract. As in the case cited, the sale was signed by the vendor and the purchaser, two witnesses, and the notary. It would be carrying technicality too far not to consider it authentic.

Another ground of opposition is, that no interest was due on $45,500, after the date of the first adjudication, it being shown that the plaintiff has been in possession of the premises since that time. The act of sale fixes the rate of interest for which the order of seizure issued, and the possession of the plaintiff since the first adjudication does not affect the contract. He can be viewed in no other light than as the tenant of *Zimpel* during that time. The claim of the latter on that account is unliquidated, and cannot be compensated with the interest stipulated in the act of sale.

It is further alleged, that the forms of law, as to seizure, notice, appraisements and sale have not been complied with; the sheriff's return, showing that they were, is *prima facie* evidence of the fact. If the return is untrue, the errors it contains should have been specially set forth and shown. The allegations as made are too vague and general to be acted upon. *Pargoud* v. *Guice, Adm'r.* 6 L. R., 77. It is also objected, that the monition has not been duly obtained and regularly advertised; and upon this and the preceding ground of opposition it has been argued with great ingenuity that the party applying for the monition is the real plaintiff; and that, when opposition is made and informalities are alleged, the burthen of proof is upon him, and he must show affirmatively that the opposition is unfounded. We do not so understand the

FORTIER
v.
ZIMPEL.

monition law. The object of the Legislature was, to limit to sixty days the time within which judicial sales of real estate might be attacked for defects of form. The monition is a notice to all persons having rights in the property, that they must avail themselves of those defects within that time; and that after that period elapses they shall no longer be heard. Parties making opposition under this law are, to all legal intents, plaintiffs, and must substantiate their allegations by proof. No informality has been shown in the manner of obtaining or of advertising the monition. We dismiss the plea of prescription, with a reference to the case of *Stansbury* v. *McCall*, 4th Ann. 322, in which we held that prescription did not attach under a similar state of facts. The other points made are pleas to the merits, which cannot be inquired into in this form of proceeding. Although we have gone fully into the merits of this opposition, we must not be understood as recognizing the doctrine, that any third person may stand in judgment for the purpose of avoiding a judicial sale, on account of informalities of which the judgment debtor does not complain, without showing that he has been injured by it, and without securing both the debtor and the seizing creditor against any loss which may result to them in consequence of the proceeding. *Livingston* v. *White*, 2d Ann. 902. *Monition of Johnson*, 3d Ann. 656. *Coiron* v. *Millaudon*, 3d Ann. 664. *Sewell* v. *Payne and Harrison*. *Stockton* v. *Downe, Administrator*.

The opponent, as one of the endorsers of *Zimpel*, stipulated in the original contract that he should not, by payment, acquire the right of seizing and selling the property, and that he should not exercise the rights resulting from such payment before the vendor had received in full the principal and interest of the price. He voluntarily executed this contract, and it is binding upon him; as he has not shown that the property was more than sufficient to pay the amount due to the vendor, and the expenses attending a re-sale, it appears to us that he had no interest in it within the meaning of the act of 1834.

For the reason assigned, it is ordered, that the judgment in this case be reversed. It is further ordered, that there be judgment in favor of the purchaser, *Charles Fortier*, on the opposition filed by *John Slidell* to the monition, and that the judicial sale referred to in said monition be homologated and confirmed. It is further ordered, that the opponent pay costs in both courts.

EUSTIS, C. J. I concur in the decree reversing the judgment of the district court, on the legal principle determined in the case of *Copeland* v. *Labatut*, and cases cited, in the opinion of the court. I do not think that a party, unless he shows an interest, as decided in those cases, can object to the forms of proceeding of a judicial sale under the monition act of 1834. That act requires, in express terms, the party making the opposition to have some right to the property which is the subject of the sale. Under the statute, the sale by the sheriff ought to stand confirmed.