No. 2041.—LEWIS E. STOWERS *v.* Succession of D. F. BLACKBURN and C. A. BLACKBURN.

Solidarity is never presumed; it exists, if all, when several persons bind themselves towards another for the same sum, at the same time and in the same contract.

The acknowledgment and promise to pay by a tutrix in her individual capacity will not interrupt prescription as to the succession. 15 An. 168.

APPEAL from the Thirteenth Judicial District Court, parish of Carroll, *Farrar, J. Sparrow & Montgomery,* counsel for appellants.

HOWELL, J. This is an appeal from a judgment rendered on default against the succession of D. F. Blackburn, deceased, and Mrs. C. A. Blackburn, *in solido,* for $10,000 with eight per cent. interest from first of January, 1860, on the following note:

"$10,000. On the first (1st) day of January (1861) eighteen hundred and sixty one, we, or either of us promise to pay L. E. Stowers, Ten Thousand Dollars, with ten per cent. interest from the first day of January next for, money loaned.

"D. F. BLACKBURN,
"C. A. BLACKBURN.

"December 19, 1859.

"On the first day of January, 1862, I promise to pay L. E. Stowers the above sum, Eleven Thousand Dollars, with ten per cent interest.

"C. A. BLACKBURN.

"(Endorsed), Lake Providence, La., December 13, 1865. I acknowledge the within note to be correct.

"C. A. BLACKBURN."

Service was accepted as follows:

"I acknowledge service of the foregoing petition and note sued on and citation, as executrix and in my individual capacity, this September 11, 1867.

"C. A. BLACKBURN."

The prescription of five years is pleaded in this court and is urged only on behalf of the succession, on the theory that the acknowledgment made on the thirteenth of December, 1865, was made by Mrs. Blackburn *individually,* and the suggestion that she has gone into bankruptcy.

Both parties admit that the promise, written at the foot of the note, was the individual assumpsit by the *widow* of the note sued on, although for a different sum and payable at a different date, and the question is, whether or not the acknowledgment on the thirteenth of December, 1865, interrupted prescription as to the succession, represented by Mrs. Blackburn as executrix. To sustain the affirmative, it must be held, both that the obligation sued on is not a solidary one, and that Mrs. Blackburn did not make said acknowledgment as executrix.

*First.*—It is not shown that she was bound *in solido* as maker of the note and hence her liability for the debt can rest solely on her subse-

quent promise to pay. But it is contended, and we think successfully, that this promise does not create the solidarity contemplated by the Code, in determining the effect of an acknowledgment by one of the co-debtors *in solido*. Solidarity exists, by the Code, when several persons bind themselves towards another for the same sum, at the same time. and in the same contract. It cannot be presumed. There being no priority nor reciprocity between the promissors, nor express stipulation of solidarity in this case, the defendants are not debtors *in solido*, and consequently the acknowledgment of thirteenth of December, 1865, if made by Mrs. Blackburn individually, did not interrupt prescription as to the succession. C. C. 2072, 2077, 2086-7-8, 2092, 3517; 12 R. 183; 15 A. 168. It is unnecessary to decide whether or not the executrix could create a solidary obligation against the succession.

*Second.*—The question whether she made the acknowledgment as executrix is one of inference, and upon the pleadings and evidence before us, is one of considerable doubt.

As the plaintiff might have adduced evidence on this point or otherwise shown an interruption of prescription, if the plea had been filed in the lower court, we think the ends of justice will be subserved by remanding the cause as requested by the appellee.

We cannot disturb the judgment as to Mrs. Blackburn, as upon the admission of counsel she is in bankruptcy.

It is therefore ordered that the judgment of the District Court against the succession of D. F. Blackburn, deceased, be reversed, and the cause as to said succession be remanded upon the question of prescription; costs of appeal to be paid by appellee.

Mr. Justice Wyly recused.