## No. 209.—Rogers & Woodall v. Jasper Gibbs.

When a person not a party to a promissory note puts his name upon the back of it he binds himself as surety, and as surety he is bound *in solido* to the holder.

Citation served upon one of several obligors *in solido* interrupts the current of prescription as to all the obligors. The plea of prescription can not therefore be maintained by one obligor *in solido* if service of citation has been made upon another obligor *in solido* before prescription has been acquired.

APPEAL from the Eleventh Judicial District Court, parish of Claiborne. *J. F. Pierson*, Judge *ad hoc*, in place of *Egan*, Judge, recused. *J. & J. W. Young* and *L. B. Watkins*, for plaintiffs and appellants. *Henry Gray*, for defendant and appellee.

LUDELING, C. J.   In March, 1860, J. J. Wilder & Co. executed two promissory notes, each for $4407 09, payable respectively in twenty-four and thirty-six months after date, to the order of Rogers & Woodall; and at the same time Rogers & Gibbs and J. Gibbs wrote their names on the back of said notes. Rogers & Woodall, the payees, have never indorsed the notes. Jasper Gibbs is now sued by the payees as surety. The defendant, without pleading to the merits, filed the plea of prescription against the notes. There was judgment in favor of the defendant, and the plaintiffs have appealed. The notes are prescribed unless there has been an interruption of the prescription by the citation served upon Hiram Gibbs, one of the firm of Rogers & Gibbs, on the fifth of February, 1867. And whether that citation interrupted the course of prescription as to Jasper Gibbs depends upon the character of the obligations which he and Rogers & Gibbs contracted by writing their names across the back of said notes. The defendant contends that he incurred the obligation of an indorser, while the plaintiffs insist that he is liable as a surety, and is solidarily bound with Rogers & Gibbs; and that the interruption of prescription as to one of several obligors *in solido* is an interruption as to all. More than a quarter of a century ago Chief Justice Eustis, as the organ of this court, said: "We consider that it is settled by the uniform jurisprudence of this State that when a person not a party to a note puts

his name on the back of it he is presumed to bind himself as surety."
McGuire v. Bosworth, 1 An. 248; Penny v. Parham, 1 An. 275; Story
on Promissory Notes, § 133, 134. And the same doctrine is affirmed in
4 An. 273, 9 An. 533, 20 An. 348, 22 An. 41; see also Cooley v.
Laurence, 4 M. 639; 3 N. S. 659, 10 La. 374, 14 La. 386, 4 R. 161, 2 An.
592. The same doctrine is held in other States of the Union. In
Tenny v. Prince, 4 Pickering 385, Chief Justice Parker said: "The
principle by which our decisions have been regulated, from the case
of Joselyn v. Ames downward, is that when the indorsement is made
at the time of making the note, the person indorsing the note is to be
treated as an original promisor; and this because he is supposed to
have parted with something valuable on the strength of the liability of
the party who puts his name on the note; and as such party can not
be answerable as an indorser, he shall be answerable as an original
promisor." See also 11 Mass. 436, 3 Mass. 274, 12 Mass. 14, 4 Pick.
311, 22 Howard 341, Rey v. Simpson, Story on Promissory Notes, § 470.

Were they, as sureties, bound in solido, in the sense of article 2072
of the Civil Code?

"There is an obligation in solido on the part of the debtors when
they are all obliged to the same thing, so that each may be compelled
for the whole thing, and when the payment which is made by one of
them exonerates the others toward the creditors." C. C., art. 2091.

It is manifest in this case that each obligor was bound to discharge
the whole debt due to the plaintiff, and that the payment by one
would exonerate the others toward the creditors. It would seem,
therefore, that the defendant comes clearly within the definition of a
debtor in solido.

The defendant's counsel have relied upon the cases of Jacobs v.
Williams, 12 R. 184, and succession of Voorhees, 21 An. 659, to show
that the liability of the defendant is not that of a debtor in solido, and
that the citation served on Rogers & Gibbs did not interrupt prescrip-
tion as to Jasper Gibbs. In the case of Jacobs v. Williams it is
decided that the maker and indorsers of a note are not debtors in
solido in the sense and meaning of the Code; and that "the payee, or
whoever may have lent his name to the maker or drawer, could not be
permitted to recover from either more than he had paid; but that as
to all other parties who come after the payee on the bill, the lex merca-
toria was to apply and to govern their rights and obligations. In the
case of Williams the suit was brought by Jacobs, the holder of a note
drawn by James D. Spurlock to the order of Williams, and by
Williams indorsed in blank—a totally different state of facts from
those shown in this case.

In the case of succession of Voorhees, 21 An. 660, what was said in
regard to sureties not being bound in solido was an obiter dictum and

not binding as authority. The question there was whether prescription of a bond had been interrupted by the acknowledgment of one who had bound himself to pay a debt in default of Voorhees, and the proof was that more than five years had elapsed after the last acknowledgment of the debt by the guarantor or surety.

Nor is it logical to say that because article 3553 (3518) declares that "a citation served on the principal debtor, or his acknowledgment, interrupts the prescription on the part of the surety," therefore the acknowledgment of the surety does not interrupt prescription as to the principal. There may be obligations where the sureties have limited their liabilities and have not bound themselves *in solido;* and the article above referred to would make the acknowledgment of the principal in such an obligation interrupt the prescription as to his sureties, although not bound *in solido.*

Toullier says : " Cependant l'art. 2021 du Code porte que l'engagement de celui qui c'est, en qualité de caution, obligé solidairement avec le débiteur,' se régle par les principes établis pour les dettes solidaires." Vol. 6, No. 723, 753.

In giving his views as to the reasons why the Roman law gave to the acknowledgment of one of several debtors *in solido* the effect of interrupting prescription as to the others, Toullier says : "On la trouve dans la nature même de l'obligation solidaire, et cette raison nous paraît clairement indiquée dans la loi même, qui porte qu'il est équitable, *humanum,* que la reconnaissance ou l'interruption d'une dette créée par un seul et même contrat, *uno eodemque contractu,* oblige également tous les débiteurs à payer la dette parce qu'elle procède de la même source.

" En effet, lorsque plusieurs débiteurs s'obligent solidairement par un seul et même contrat à une seule et même dette, ils se mettent par cela même en société pour ce qui concerne cette dette, ils se chargent mutuellement par un mandat tacite, mais réel, de payer les uns pour les autres, ou, comme porte la disposition finale de l'article 1216, ils sont *cautions* les uns des autres. Celui des débiteurs qui paie seul pour tous les autres agit donc tant pour lui que pour chacun de ceux dont il paie la part. S'il reconnait seul la dette, il la reconnaît également, tant en son propre nom que dans celui de ces codébiteurs, en vertu de leur mandat tacite ; enfin, en agissant contre un seul, le créancier agit contre le mandataire de tous, contre la caution de tous : l'interruption doit donc produire son effet contre tous." Vol. 6, No. 729, p. 757.

Article 3045 (3014) C. C. declares : " The obligation of the surety toward the creditor is to pay him in case the debtor should not himself satisfy the debt; and the property of such debtor is to be previously discussed or seized, unless the security should have renounced the plea of discussion, or should be bound *in solido* jointly with the

debtor, in which case the effects of his engagement are to be regulated by the same principles which have been established for debtors *in solido.*" 4 An. 273.

The plea of prescription should have been overruled.

It is therefore ordered that the judgment of the court *a qua* be annulled, that the exception be overruled, and that the cause be remanded to be tried on the merits.

It is further ordered that the appellee pay costs of this appeal.

Howe, J, *concurring.* I concur in the conclusion in this case, on the authority of McCausland *v.* Lyons, 4 An. 273. There may be some doubts as to the correctness of that decision on principle, but it has stood on the books unchallenged for many years, and there seems to be no sufficient reason for disturbing it.