The opinion of the court was delivered by
McEnery, J.
The plaintiff filed a suit against the defendant, and the petition was made up of a part of the blank form for a petition, and the other in typewriting. The blank form, which also served for an outside wrapper, had the caption in printing: “To the Honorable the Judges of the Civil Districc Court for the parish of Orleans.”
Immediately under and following this caption or address to the court the typewritten part of the petition commenced :
“ The petition of Ernest DuB. Lukis, who resides in London, with respect represents,” etc.
The typewritten and blank form parts were at the upper ends of the sheets pasted together, so that the printed part on the last sheet (blank form) projected above the typewritten sheets, so that the reading of the petition from the printed portion of the blank could be pursued without interruption to its conclusion.
On the blank form there were the words which usually follow the address of the court, but they were omitted and excluded from the petition. They were meaningless, as they formed no part of the petition. Nothing in a petition not preceding the signature forms any part of it.
The copy of the petition served on the defendant omitted the address to the court.
*1449 The defendants filed exceptions to the petition: (1) That the petition was not properly addressed to the court; (2) that the copy served on him was not an exact and faithful copy; (3) that if these exceptions were overruled the petition disclosed n'o cause of action.
The district judge sustained the last. Plaintiff appealed.
The defendant contends that the address was on the outside wrapper of the petition, and was not therefore a part of the petition. Usually there is no wrapper, the last sheet of the petition serving for this purpose, on which the filing is endorsed. The sheets of paper on which the petition is written can be and often are fastened or pasted together. The preparation of the petition in its mechanical arrangement is left to the taste of the attorney.
It can be fancy, on green paper, or on white and green, so arranged as to alternate in colors, if so desired. The only requisite for it is that it; be a written or printed document, prepared in accord-' anee with Arts. 171 and 172, Code of Practice.
If for convenience and as a matter of taste, as we presume it was done in this case, the attorney used a green blank form for a part of the petition, and white sheets with typewriting for the other, and pasted them together so that the blank form containing the address should project above the white sheets and typewritten parts, we can find no reasonable objection to the arrangement. The petition thus arranged in this case contains all the requirements of Arts. 171 and 172, Code of Practice, in consecutive and logical order.
The copy of the petition served on the defendant omitted the address to the court. Art. 172, Code of Practice, requires that the petition must mention the name or title of the court to which it is addressed, and this is essential to the validity of the petition, which is admitted by plaintiff’s attorney in his earnest effort to maintain the caption of the petition in this case. Art. 175, Code of Practice, requires the clerk of court to make out an exact and faithful copy of the petition to be served on the defendant. But the plaintiff contends that the citation served with the petition cured the defect of the omission in the petition of the address to the court, as the citation contains the name or title of the court, names and residence of both plaintiff and defendant. This seems reasonable, but Art. 178, Code of Practice, requires a copy of the petition to be annexed to the citation. This copy must be such as is required by Art. 175, Code of Practice. The address to the court is an essential part of *1450 the petition and its omission can not be excused in the copy served on the defendant.
The plaintiff’s suit, of course, can not be dismissed for the failure of the clerk to make a true copy of the petition to be served on the defendant. He is entitled to delay for the service of same.
It is therefore ordered, adjudged and decreed that the judgment appealed from be avoided and reversed, and it is now ordered that this case be remanded to be proceeded with according to law and the views herein expressed, defendant to pay costs of appeal.
Fenner, J., dissents.
Opinion by
Breaux, J.
In the exception to plaintiff’s action for the avoidance of a sale on the ground of misrepresentation and failure of consideration, the defendant’s grounds are threefold:
1. That the petition is not addressed to the court.
2. That the copy served upon him is not a true copy of the petition.
3. That the petition discloses no cause of action.
The petition is addressed to the court in print on a separate sheet of a different color than that on which the petition is typewritten.
The petition was pasted on the printed cover just below the caption, which reads: “To the Honorable the Judges of the Oivil District Court for the parish of Orleans.”
On the reverse of the wrapper is the usual endorsement: the court, the title of the suit, the name of the attorney and the date of filing.
The petition and the caption are united with mucilage, making the two a sufficiently plain document.
The clerk failed to copy the caption of the petition.
We have stated the grounds of the exception without reference to the alternative pleas.
The last, that relating to the cause of action, is pleaded in the alternative.
After stating the first and second grounds and following them with a prayer for the dismissal of the suit, the plaintiff in exception adds that should they be overruled, and not otherwise, reserving the benefit of the exception: the petition discloses no cause of action.
This differences the case from those cases holding that want of *1451 ■citation is waived by defendant, who appears for any other purpose than to plead the want of citation.
The article of the Code of Practice requires “ mention of the name or title of the court to which it is addressed,” and that a true and faithful copy of the petition shall be served upon the defendant.
The copy served does not contain the caption required.
A distinction is maintained in jurisprudence between the technical sufficiency of a citation as a basis for the maintenance of a judgment and its sufficiency for the purpose of interrupting prescription. Satterly vs. Morgan, 33 An. 848.
The question comes before us on an objection made in limine.
We adhere to our previous ruling that another service should have been ordered.
In remanding the case for further service no question arises regarding the effect of the service as heretofore made.