(70 South. 234)

No. 20525.

ALFRED HILLER CO., Limited, v. HOTEL GRUNEWALD CO., Limited.

(April 13, 1914. On the Merits, Nov. 2, 1915. Rehearing Denied Nov. 29, 1915.)

*(Syllabus by the Court.)*

1. APPEAL AND ERROR ☞597, 635 — TRANSCRIPT—OMISSION OF PLEADINGS—GROUND FOR DISMISSAL.

Where a case is tried and dismissed on an exception of prescription and plaintiff, appealing from the judgment, instructs the clerk, agreeably to Act No. 229 of 1910, as to the portions of the record that are to be copied in the transcript, the answer of the defendant and other pleadings having no apparent relation to the plea of prescription may be omitted. Even if they should be necessary, however, the appeal could not be dismissed by reason of their absence, since the statute so declares, and at the same time provides another remedy.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2285, 2627–2638, 2776–2782, 2829; Dec. Dig. ☞597, 635.]

2. APPEAL AND ERROR ☞361—APPEAL—PETITION—TITLE—REQUISITES.

A petition for appeal which bears the title and number of the case and the title of the court in which the case was decided, and upon which the order for appeal is made by the judge of that court, will be held, in this court, to have been sufficiently addressed to the court, though the formula "To the Honorable —— Court," etc., be omitted. The rule relating to petitions whereby suits are instituted, and which are required to be served on the parties made defendant, has been held to be different.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1941–1959; Dec. Dig. ☞361.]

On the Merits.

3. MECHANICS' LIENS ☞229 — MECHANICS' PRIVILEGES — CONTRACTS — MATERIAL FURNISHED—LIABILITY OF OWNER—FAILURE TO TAKE BOND.

Under Act No. 180 of 1894, the owner of a building who fails to require the contractor to give bond and security in favor of furnishers of materials is bound in solido with the contractor for any balance due for materials furnished and used in the building.

[Ed. Note.—For other cases, see Mechanics' Liens, Dec. Dig. ☞229.]

4. LIMITATION OF ACTIONS ☞105—PRESCRIPTION—INTERRUPTION—MATERIALS FURNISHED—LIABILITY OF OWNER.

In such a case prescription in favor of the owner is interrupted by a suit brought by a furnisher of materials against the contractor.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 514, 515; Dec. Dig. ☞105.]

Appeal from Civil District Court, Parish of Orleans; T. C. W. Ellis, Judge.

Action by the Alfred Hiller Company, Limited, against the Hotel Grunewald Company, Limited. From judgment for defendant, plaintiff appeals. Reversed and remanded.

Foster, Milling, Saal & Milling, of New Orleans, for appellant. Dinkelspiel, Hart & Davey and Solomon Wolff, all of New Orleans, for appellee.

On Motion to Dismiss Appeal.

MONROE, C. J. Defendant and appellee moves to dismiss the appeal, on the grounds: (1) That the record is incomplete, through the instructions of plaintiff, the following documents being omitted, to wit: Answer of defendant, filed February 13, 1911; supplemental answer and call in warranty, filed December 9, 1912; exception of warrantor, filed January 15, 1913; answer of warrantor (American Banking Company), filed January 21, 1913. (2) That there is no legal petition for appeal, the petition filed not being addressed to any court.

[1] 1. The pleadings mentioned are not in the transcript, nor do we find anything to indicate that they were filed in the court. Defendant filed several exceptions, and there was some evidence offered in their support, and, eventually, there was a judgment sustaining an exception of prescription and dismissing the suit, from which judgment plaintiff prosecutes the appeal. We are unable to see in what way the pleadings mentioned could affect the question to be decided on the appeal; but, even if it were shown that they had been filed, and it appeared that they

were needed, their absence, under the law as it now stands, would not be good ground for dismissing the appeal, since Act No. 229 of 1910 gives the appellant the right to instruct the clerk what he shall copy in the transcript, and gives the appellee the right thereafter to give similar instructions, and then declares that:

"The clerks shall prepare the transcript as so directed, and, when so prepared, the appeal shall not be dismissed on the ground of the transcript being defective, but the parties and the court shall have the right to cause to be filed thereafter any omitted portion of the record, as a supplemental transcript."

[2] 2. The petition for appeal bears the caption and reads in part:

"Alfred Hiller Company, Limited, v. Hotel Grunewald Company, Limited.

"No. 95,413, Civil District Court, Division A.

"The petition of Alfred Hiller Company, Limited, which is the plaintiff in this cause, respectfully represents."

Then follow the usual allegations, and the prayer for an appeal and for citation, and the order of the judge granting the appeal and directing the citation to be served.

In the case of Lukis v. Allen, 45 La. Ann. 1447, 14 South. 186, to which we are referred, it was held that:

"The caption or address to the court is an essential part of, * * * and it cannot be omitted in the copy served on the defendant."

But that ruling refers to the petition which is the foundation of the suit, which is to be prepared as required by C. P. 171, 172, and which is to be served on the defendant, whereas a petition for appeal is not governed by those articles and is not to be so served. The case cited is therefore without application. C. P. 573, which provides for appeals "by petition or by motion in open court," contains no particular directions as to the form of the petition, though, no doubt, it contemplates that it shall be addressed to the court which rendered the judgment to be appealed from. We are of opinion, however, as was the judge a quo, apparently, that the petition in this case was sufficiently so addressed.

The motion to dismiss the appeal is therefore overruled.

### On the Merits.

LAND, J. Plaintiff sued the defendant for $4,811.54, balance due for materials furnished to the Expanded Metal Fireproofing Company, defendant's contractor, for the construction of the concrete foundations of defendant's hotel, and actually used in said construction. The petition alleges that the defendant failed to record its contract with said contractor, together with the bond and security required by law, in the mortgage office within one week after said contract was signed or before the work was commenced, as was required by law then in force, and particularly Act No. 180 of 1894, and that the said defendant is therefore directly liable to the petitioner for the said balance due for materials used in said building. The petition further alleges that said construction contract was made in March, 1906, and that balance sued for bears legal interest from February 15, 1907, the day on which the plaintiff caused his sworn account to be recorded in the mortgage office for the parish of Orleans. The defendant was cited on December 13, 1910, and more than two years thereafter pleaded the prescription of one and three years, and the prescription of ninety days fixed by Act No. 180 of 1894. Defendant subsequently filed a plea of estoppel, and an exception of no cause of action.

The case was tried, and there was judgment for defendant sustaining the prescription of three years.

The other pleas and exceptions were not passed upon in the decree of the court below, and therefore are not before us on this appeal. Only issues involved in the judgment appealed from can be considered. See Garland's Revised Code of Practice, art. 565, note

E.   In McAlpin v. Jones, 10 La. Ann. 552, the suit was dismissed on certain exceptions, and the plaintiff appealed.   As to an exception not passed upon, the court said:

"It does not appear whether the district judge ever passed upon the exception to the mode of citation,   *   *   *   and therefore we do not pass upon it."

It is obvious that appellate jurisdiction cannot attach to a particular issue which has never been adjudicated in the court below.

[3] Plaintiff's appeal therefore brings up only the issue raised by the plea of the prescription of three years.   The evidence shows that ·the plaintiff has obtained a judgment against this contractor for the balance in dispute; and it is conceded that the prescription of three years was interrupted, quoad the contractor, by the suit and judgment.

The liability of the defendant to the plaintiff was imposed by certain provision of Act No. 180 of 1894, p. 223, reading as follows, to wit:

"That any person who makes a contract for one thousand dollars and over, with a builder or contractor or undertaker, to repair, reconstruct, build or construct a building, shall require of the builder, contractor or undertaker good and solvent security to the full amount of the contract for the payment of all the workmen, mechanics and laborers and all those who furnish materials and supplies actually used in the building, and each workman, laborer, mechanic and furnisher of materials shall have his individual right of action against the said security, and should the owner fail to require of the contractor such good and solvent security and to record the contract, with the bond and security, in the mortgage office, describing and giving the name of the security, within one week after contract is signed and before the work is commenced, such owner shall be personally liable for all balances due to the workmen, laborers and furnishers of materials used in the building, and they shall have a privilege on the land and building if they record their sworn bills whether the original contract is recorded or not."

The contention of the defendant herein is that, under said statute, the owner and the contractor are not bound in solido, and that therefore the judicial demand of the plaintiff on the contractor did not interrupt the prescription of three years quoad the defendant.

The contention is based on the predicate that, .although the contractor and owner are bound to the same person for the same debt, they are bound by different contracts, as in the case of a maker and indorser of a note, or different obligors of commercial instruments.

The quotation from Marcade on page 5 of defendant's brief shows that a solidary obligation may arise from a formal disposition of the law, as well as from a formal contract (titre constitutif).

Section 1 of Act No. 180 of 1894 makes the owner who fails to require bond and security of the contractor "personally liable for all balances due to the workmen, laborers and furnishers of materials used in the building." Such balances are the debts of the contractor, and on his failure to pay the same the statute makes the owner personally liable.   The owner thus bound for the debts of the contractor occupies the position of a surety.

"Suretyship is an accessory promise by which a person binds himself for another already bound, and agrees with the creditor to satisfy the obligation, if the debtor does not."   C. C. 3035.

The law of 1894 was enacted to secure workmen and furnishers of material by bond with good and solvent surety.   Failing to require such bond, the owner was substituted as surety.

The contractor and owner each being bound to pay the balance due the plaintiff, the obligation on their part is in solido.   C. C. 2082, 2091.

In Rogers & Woodal v. Gibbs, 24 La. Ann. 467, the court, through Ludeling, C. J., in a well-considered opinion, held that indorsers not parties to a note bound themselves as sureties in solido to the holder, and that citation served on one of the indorsers interrupted the current of prescription as to all of them.   Ludeling, C. J., in his usual

forcible style, disposed of the cases of Jacobs v. Williams, 12 Rob. 184, and Succession of Voorhies, 21 La. Ann. 660 (both cited by defendant herein), by pointing out that the first showed a totally different state of facts and was based on the commercial law, and that the second was based on an obiter dictum.

In the Rogers and Woodall Case the court, inter alia, said:

"It is manifest in this case that each obligor was bound to discharge the whole debt due to the plaintiff, and that the payment by one would exonerate the others toward the creditors. It would seem, therefore, that the defendant comes clearly within the definition of a debtor in solido."

Act 180 of 1894 read into the contract between the plaintiff and the contractor the obligation of the defendant to satisfy the balance that might become due for materials furnished, and used in the building.

Hence the contractor and owner, under the statute, were obliged to pay the same debt, and were therefore bound in solido. Toullier, vol. 6, Nos. 723, 753.

The obligation of each surety is to pay the whole debt. McCausland v. Lyons, 4 La. Ann. 273; Dorsett v. Lambeth, 6 La. Ann. 53. There is no distinction between the surety who has bound himself in solido with the debtor and the surety who has not so expressly bound himself. See Jones v. Fleming, 15 La. Ann. 523.

If the statutory obligation of the defendant be considered as independent and separate, then we know of no prescription applicable to plaintiff's action, except that of ten years. C. C. 3544.

The prescription of three years is applicable to this action only on the theory that the liability of the defendant as surety has been discharged by reason of the extinguishment of the principal obligation by the statute of limitation. The surety may oppose to the creditor all the exceptions belonging to the principal debtor, except such as are personal to him. C. C. 3060.

[4] In this case there was an interruption of prescription as to the principal debtor. Hence defendant's plea that the debt has been prescribed cannot be sustained.

We are satisfied that the statutory obligation of the defendant is that of a surety. If, however, it is a separate independent obligation, the prescription of ten years applies to an action to enforce it.

The question under consideration is res nova in our jurisprudence.

The counsel for defendant cite the following cases: Jacob v. Williams, 12 Rob. 183, in which it was held that the maker and indorser of a promissory note were not debtors in solido, as they were bound by separate and distinct contracts, and that the accommodation indorser quoad the holder of the note was not a surety in the meaning of the Civil Code. The case was decided according to the rules applicable to negotiable instruments. As to indorsers who are sureties the later case of Rogers & Woodal v. Gibbs, supra, holds that they are bound in solido to the holder of the note. Corning v. Wood, 15 La. Ann. 168, in which the court held that a suit against the acceptor of a bill of exchange did not interrupt prescription as to the drawer and indorser, citing Jacobs v. Williams, supra. Stowers v. Blackburn, 21 La. Ann. 127, as far as it holds that a note reading, "We or either of us promise to pay," etc., did not bind the signers in solido, is no longer authority, as the same court, in Chaffe v. Thornton, 28 La. Ann. 837, holds the contrary. In Gay v. Blanchard, 32 La. Ann. 497, Mrs. Suthon was the maker of four notes secured by mortgage and vendor's privilege. She sold the property to P. W. Pike, who assumed the payment of the notes, granting a mortgage to secure the performance of his obligations. W. W. Pugh became the owner of these notes, and sued Pike on his assumpsit. Pike confessed judgment,

with stay of execution provided Mrs. Suthon consented thereto. Mrs. Suthon never consented. Pugh transferred the judgment and notes to Gay & Co., who brought suit on the notes against Mrs. Suthon, who pleaded prescription, and the plea was sustained as to two of the notes. Plaintiffs appealed to the Supreme Court, which affirmed the judgment, holding that the suit of Pugh v. Pike had not interrupted prescription as to Mrs. Suthon, who was neither the surety of nor debtor in solido with Pike.

On the second appeal Mrs. Suthon contended that she was the surety of Pike, thereby shifting her position so as to escape liability on the other notes. The court, after animadverting on the inconsistency of such an attitude, proceeded to reconsider their views on the question, and were thereby confirmed in their correctness.

While the court held that Mrs. Suthon was neither security nor co-obligor in solido with Pike, still she was bound with him for the debt, and, as Pike was the ultimate debtor, upon her paying the debt, she was entitled to a full subrogation thereto, as well as the mortgages and privileges securing it. The court, finding that Gay & Co. had entered into a certain contract with Pike which precluded such subrogation, decided in favor of Mrs. Suthon.

This case of Gay v. Blanchard has little or no bearing on the instant case. Pike was the debtor of Mrs. Suthon, and between them was bound to pay the notes. Their obligation to pay the note resulted from different and distinct contracts. There was no suretyship or solidarity in the case, which finally went off on the doctrine of subrogation.

Defendant's counsel finally cites Louisiana Glass & Mirror Works v. Irwin, 126 La. 559, 52 South. 765, as follows:

"There is no privity of contract between the owner and person who furnishes the material to the contractor"

—but omits the rest of the sentence, reading,

"and the latter, in order to acquire a right of action against the owner, must comply strictly with the requirements of the statute."

That case was governed by Act No. 134 of 1906, which differs materially from Act No. 180 of 1894. But under both statutes the obligations of the owners are created by law, and privity of contract cuts no figure.

Obligations are created by the operation of law or by consent of the parties. C. C. 1760. The case before us discloses both kinds of obligations—one binding the owner by operation of law, and the other binding the contractor by agreement, to pay a certain balance due by the latter to the furnisher of materials. The case falls squarely within the definition of a solidary obligation as given in C. C. art. 2091, as follows:

"There is an obligation in solido on the part of the debtors, when they are all obliged to the same thing, so that each may be compelled for the whole and when the payment which is made by one of them, exonerates the others towards the creditor."

The argument that the owner and the contractor, under Act No. 180 of 1894, are bound "in solidum" by distinct and independent contracts made at different times, is without merit. The obligation of the owner under said statute is predicated on the purchase of building materials by the contractor, and is based on his failure to pay his vendor for materials used in the construction of the building. The obligation of the owner is a legal consequence of such failure, and does not flow from another and independent contractor.

As already stated, the prescription of three years has no application to this case unless the defendant be considered as the surety of the contractor. As surety, the defendant and the contractor are bound in solido.

The Court of Appeal for the parish of Orleans has held in several cases that, under Act 180 of 1894, the owner, failing to comply

with its requirements, is bound in solido with the contractor's surety. See Crescent City Mfg. Co. v. Rivers, 2 Ch. App. 127. In the opinion in that case it is stated that the court had held in three previous cases that:

"The only penalty incurred by nonregistry of contract and bond, as provided by Act 180 of 1894, is to render both the owner and the surety liable in solido to the furnisher of materials."

It is further stated that in two of the cases writs of review were denied by the Supreme Court.

It is therefore ordered that the judgment appealed from be reversed, and it is now ordered that the exception of the prescription of three years filed by the defendant in the lower court be overruled, and that this cause be remanded to the court a qua for further proceeding according to law; costs of this appeal to be paid by the defendant.