No. 1193

First Circuit

---

BURKES v. KENNEDY

---

(Dec. 7, 1927. Opinion and Decree.)
(Jan. 7, 1927. Rehearing Refused.)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Pleading—Par. 62; Builders and Buildings—Par. 29.**

When the furnisher of materials sues the owner of the building to compel the owner to pay for the materials sold to the contractor as provided by Act 139 of 1922, he must allege that he gave notice to the owner within the time provided by the statutes or his suit will be dismissed on exception no cause of action.

Appeal from the District Court, Parish of East Baton Rouge. Hon. Wm. Carruth Jones, Judge.

Action by J. V. & R. T. Burkes against Orlando P. Kennedy.

There was judgment dismissing the suit on exception no cause of action filed by defendant. Plaintiffs appealed.

Judgment affirmed.

Charles A. Holcomb, of Baton Rouge, attorney for plaintiffs, appellant.

Shelby Taylor and Moss & Moss, of Baton Rouge, attorneys for defendant, appellee.

ELLIOTT, J. Suit by furnisher of materials against the owner of a building to compel the owner to pay for materials sold to the contractor and used by him in the construction of the building, on the ground that the owner did not require of the contractor a bond as provided by Act 139 of 1922.

J. V. & R. T. Burkes allege that on June 1, 1924, they sold and delivered to W. E. Stevens, contractor for Orlando P. Kennedy, building material worth $342.26, which material the said Stevens used in prosecuting his work for said Kennedy; that said material constitutes part of the dwelling house which said Stevens erected for said Kennedy and that said house belongs to said Kennedy. That said Kennedy did not require of said Stevens a bond as provided by Section 5 of Act 139 of 1922 and his failure to do so made him liable to the petitioners for the amount of their claim, to the same extent as the surety on the contractor's bond would have been, had bond been required. They pray for judgment against Kennedy for the amount of the material furnished to Stevens and used as above stated. Kennedy excepted to their demand on the ground that their petition disclosed no cause of action, which the court sustained and dismissed their suit. The plaintiffs appealed.

The amendment of Section 5 of Act 139 of 1922 by Act 230 of 1924, has no bearing on the question we now have to decide. The repeal of Act 139 of 1922 by Act 298 of 1926 is also without influence as to the petition in hand. Section 16 of Act 298 of 1926 contains a saving clause, but even had there been no saving clause, if plaintiffs have a cause of action under Act 130 of 1922, the right of action still exists and continues for the purpose of enforcing payment under the act. The power to compel payment of an obligation created by the Act 139 of 1922, can not be repealed as long as the cause of action exists. The object and purpose of Act 139 of 1922 is to require written contracts concerning the erection and repair of build-

ings and bonds of contractors, employed to do the work and make them liable, in case of failure, under certain conditions.

Section 1 provides:

"That every contract hereafter made or entered into, * * * for the erection or construction of a building by a contractor, * * * shall be reduced to writing and signed by the parties * * * and recorded in the office of the recorder of mortgages before the day fixed on which the work is to commence, and within 30 days after the date of the contract."

It further creates a lien and privilege on the building and the land on which it is situated in favor of the furnisher of materials and that the owner shall require of the contractor, a bond.

Section 2 provides that the contract shall be recorded, and further provides:

"Every person having a claim against the * * * contractor * * * shall after completion of said work * * * mail or otherwise send a sworn itemized statement thereof to the owner or his architect or other representative, and record the sworn statement and the amount thereof * * * in the office of the recorder of mortgages * * *."

Section 5 provides:

"* * * If the owner fails to require a bond * * * he shall be liable to * * * the furnisher of materials to the same extent as the surety would have been."

This Section further provides that in all cases where surety has been furnished, the surety shall be entitled to make only the same defenses that the contractor for whom he signed the bond is authorized to make, except as to the owner who has made payments in anticipation.

Section 15 repeals all conflicting or inconsistent laws on the same subject matter.

Plaintiffs do not allege in their petition that they mailed or sent to defendant a sworn, itemized statement of their claim against Stevens, and defendant contends that they have therefore, no cause of action against him.

The Act 139 of 1922 has for its object the protection of the owner, contractor, sub-contractor and furnisher of materials. It is in furtherance of this end that every contract thereafter made or entered into for the erection or construction of a building is required to be reduced to writing, signed by the parties and recorded in the mortgage book.

The lien and privilege created is to protect the contractor, sub-contractor and the furnisher of materials, etc. The bond which the owner is to require of the contractor is for the protection of the furnisher of materials. The owner is made responsible to the same extent as the surety would have been, if no bond had been required. It is for the protection of the owner that persons having claims against the contractor are required within the time fixed to mail or otherwise send a sworn, itemized statement thereof, to the owner and record same with the recorder of mortgages. This notice if given enables the owner to save himself in his settlement with the contractor.

The liability which the statute imposes on the owner in favor of the furnisher of materials with whom he has had no dealings, is an obligation created by law. Obligations created by law, are defined and explained in the Civil Code, Arts. 1760, 2292, 2294. When a plaintiff undertakes to recover on an obligation created by the law, he must bring himself directly within the statute on the subject. He must allege substantial compliance on his part with the statute, in every matter,

which it is incumbent on him under the statute to do.

The act in question required plaintiffs to give notice to defendant of their claim against Stevens within the time and as provided by the statute. Their petition does not show that they did so, therefore, they have no action against defendant for failure to require of the contractor a bond. They can not single out section five and claim that it gives them an action against defendant for failing to require a bond of the contractor, when they do not claim compliance on their part with section two, which requires all parties having claims against the contractor to give timely notice thereof to the owner; notice to the owner was necessary in order that the object and purpose of the statute may have effect as to all concerned.

The provisions of Act 139 of 1922 are similar to those contained in Act 262 of 1916. In Musey vs. Prater, 147 La. 71, 84 South. 498, and Rose vs. Eunice Electric Theatre Co., Ltd., 154 La. 81, 97 South. 322, the Supreme Court, in considering the provisions of Act 262 of 1916, held that the furnisher of supplies who had not served on the owner a sworn statement of the amount due him by the contractor, could not hold the owner personally responsible. A rehearing was granted and the first opinion set aside, but not on the ground that Act 262 of 1916 had not been correctly construed; but because the court came to the conclusion that the case under consideration came under the provisions of Act 229 of 1918, which did not require service of notice on the owner. · This is further shown by Louisiana Glass & Mirror Works vs. Irwin, 126 La. 555, 52 South. 765. The Act 134 of 1906 contains a provision· similar to the one referred to in Acts 262 of 1916, and 139 of 1922, and the Supreme Court in the case last

mentioned held that the owner was not personally responsible, if the furnisher of materials had not served notice on him as required by the statute. Act 180 of 1894 contains provisions which would support plaintiffs' demand, were it not that this act only applies to cities of over ten thousand inhabitants. Alfred Hiller Co. vs. Hotel Grunewald, 138 La. 305, 70 South. 234, is based on this act, therefore has no bearing as an authority in the present case. Utley Paint Co. vs. Foster and Shushan, La. Ct. of App. Rpts., Vol. I, page 27 cited by plaintiffs supports their demand according to the syllabus.

The report of the case in the bound volume does not seem to be complete; but stops before the opinion was finished. Supposing the opinion to be as outlined in the syllabus, it is our opinion that the exception of no cause of action was properly sustained and the suit dismissed.

The judgment appealed from is affirmed.

The plaintiff and appellant to pay the cost in both courts.