On November 3, 1941, we rendered a final opinion and decree in this matter. The case came from the First City Court of New Orleans, and therefore application for rehearing could not be considered unless presented prior to the expiration of the fifth calendar day after the rendition of the decree. See Act 16 of 1910, Sec. 1, Dart's Statutes, Sec. 1450.
At 3:58 P.M. on November 10, 1941, there was delivered at the office of the Clerk of this court a collect telegram reading as follows:
"Dora Tyson vs Victory Ins. Co. "Court of appeal Civil Courts Bldg.
"Please grant a rehearing in above case on question of costs.
"Charles J. Mundy Touro Infirmary."
The Charles J. Mundy, whose name appears in this telegram, was counsel for plaintiff-appellee. May we consider this telegram as an application for a rehearing?
Par. 2 of Rule 10 of this court requires:
"The application for rehearing shall be made by petition, filed within the legal delay and containing a statement of the points of law and fact upon which it is founded. * * *".
This rule is based on Art. 912 of the Code of Practice, which provides that —
"A party dissatisfied with the judgment may apply to the court for a new hearing in the cause, and for this purpose shall present a petition, in which he shall state substantially the reasons for which he thinks the judgment erroneous, and shall cite the authorities in support of his opinion."
The question then is: Does such a telegram constitute a petition, and if so, does it contain the essentials required by our rule and by the article of the Code of Practice?
We find no case in the jurisprudence of this state which sets forth what is a petition within the contemplation of that article of the Code of Practice. We do find that the Code itself defines a petition in Article 171, and Article 172 makes many requirements as to what must be set forth in a petition. Again we find no jurisprudence on the question of whether these articles apply to a petition for a rehearing, but we do find in Alfred Hiller Co., Ltd., v. Hotel Grunewald Co., Ltd., 138 La. 305, 306, 70 So. 234, that the Supreme Court has held that these articles do not apply to a petition for an appeal.
In Armbruster v. Behan, 3 Orleans App. 184, this court considered the question of whether or not the so-called petition for rehearing complied with the rules of this court and with the cited article of the Code of Practice, and held that since the said so-called petition did not set forth the grounds on which it was based, it did not constitute a petition within the contemplation of the article of the Code and of the Rule of this Court.
In Lacroix v. Camors et al., 34 La.Ann. 639, the Supreme Court considered a similar question in which a petition for rehearing stated that the grounds would be set forth in a printed brief to be filed. When this petition was filed there was inadvertently signed in the Supreme Court an order permitting the filing of the said brief, and later the brief was filed setting forth the grounds on which the application for rehearing had been based.
When the court came to consider whether the petition constituted an application within the contemplation of the rule of the Supreme Court and of the article of the Code of Practice, the majority of the court held that it did not. See also Brown v. Stroud, 34 La.Ann. 374. *West Page 607 
In Walker v. Mills Engineering Construction Co., 153 So. 344, 345, the Court of Appeal for the First Circuit considered an application for rehearing which did not specifically point out any error. The court held that the application was not in proper form, since it "does not point out specifically any error in the opinion and judgment handed down herein."
For the reasons set forth in these authorities, that is to say because no reasons are set forth in the telegram, we believe that the said telegram cannot be considered as a petition within the contemplation of our rule and within the contemplation of Art. 912 of the Code of Practice. Furthermore, we are of the opinion that a telegram, which does not contain the signature of the attorney, cannot be considered as a petition. Further, we consider it a novel proceeding to send to the court collect telegrams.
Application not considered.