## WALKER v. MILLS ENGINEERING CONST. CO. et al.

### No. 1265.

Court of Appeal of Louisiana, First Circuit.

March 6, 1934.

For original opinion, see 152 So. 83.

Pujo, Bell & Hardin, of Lake Charles, for appellants.

Hawkins & Pickrel, of Lake Charles, for appellee.

### PER CURIAM.

In this case a pro forma application for rehearing was timely filed with the clerk of the district court of Beauregard parish in which the case originated, but was not filed within the required number of days with the clerk of this court. Counsel for plaintiff, appellee, have filed a motion to dismiss the application on the ground that it was filed too late.

██ The question involved is whether an application for rehearing can be filed with the clerk of the district court and have the same effect as though filed with the clerk of this court. We are of the opinion that it has not.

The Constitution of 1921, art. 7, § 28, which provides for the Courts of Appeal in the state, directs the said courts to appoint a clerk of their own; then using the alternative "or," the section also provides that the said courts "may use the clerks, or any deputy clerk of the District Courts as such deputies, who shall serve during the pleasure of the court." This court complied with the provision of the Constitution by appointing its own clerk, who has been acting as such since his appointment, and it has never since made use of the alternative authority granted thereunder. It follows therefore that the clerk appointed by this court is the only clerk authorized to file any motions or pleadings before it, including applications for rehearings such as we are here concerned with.

If it be urged that the application was properly filed by the local clerk of the district court under the provisions of Act No. 89 of 1914, our answer would be that that act of the Legislature has been necessarily and by implication repealed by the article of the Constitution herein cited, and is therefore no longer in effect.

██ For these reasons, first, the motion to dismiss the application for rehearing is sustained, and the application will not be enter-

tained. A second reason for refusing to consider the application lies in the fact that it is purely formal and does not point out specifically any error in the opinion and judgment handed down herein.