Judgment was rendered in this case by this court on July 5, 1946. The demands of the plaintiff and the intervenor were rejected at plaintiff's cost. On July 13th the plaintiff filed application for rehearing wherein he alleged: "That the judgment rendered herein is contrary to the law and the evidence and that a rehearing should be granted herein."
Contemporaneous with the filing of the application for rehearing, plaintiff's counsel also filed a motion for an extension of time within which to file briefs in support of the application. Favorable action was had on the motion, and September 1st was fixed as the limit of the extension.
On July 22d counsel for the defendant applied for and were granted an order directing the plaintiff to show cause "why *Page 622 
the petition for rehearing should not be dismissed, the decree rendered herein by this Honorable Court declared final, and the mandate forwarded to the trial court." The gravamen of the petition for the rule is in the following language, viz.: "That the plaintiff appellee herein has filed what purports to be a petition for rehearing, but the said petition does not set forth the grounds upon which the complainant charges that the judgment rendered by this Court is erroneous, and it therefore does not conform to the requirements for such a petition laid down in Article 912 of the Code of Practice of Louisiana, and does not have the effect of suspending the operation of the judgment rendered herein."
That portion of plaintiff's answer to the rule that joins issue with the allegations thereof, reads as follows: "Further answering, respondent shows that he strictly complied with Rule No. 9 of this Honorable Court, promulgated in 1933 and adhered to ever since by the Court and the Bar generally, and shows that this Honorable Court had full power and warrant in law to make the said rule, and that the said rule is binding on this Court and the litigants before it."
Rule No. 9 of this Court is as follows: "Applications for rehearing must be in writing and filed with the clerk, and must be supported by brief with not less than three copies, giving reference to the facts, in the record, and citing the law on which the motion is founded."
It is not questioned that the requirements of this rule were strictly complied with by the plaintiff. The application for rehearing is in writing and was timely filed with the clerk of this Court. It is supported by brief in triplicate that refers to the facts in the record and cites the law on which the motion is founded. The brief was filed within the time fixed. Therefore, the question tendered for decision is a challenge of this Court's right and power to adopt and follow the rule. Is the rule repugnant to law?
Rule No. 1 of this Court is largely a copy of the second paragraph of Section 27, Article VII of the Constitution of 1921. It reads: "Rules of practice regulating appeals to and proceedings in the Supreme Court of Louisiana, shall, under section 27, article VII, of the Constitution, apply to appeals and proceedings in this court, so far as they may be applicable."
Defendant's counsel contend that Article 912 of the Code of Practice is the controlling law with regard to the necessary and essential allegations and contents of an application for rehearing in the Supreme Court; and argue that inasmuch as the quoted constitutional provision directs that rules of practice regulating appeals to and in the Supreme Court shall, so far as applicable, apply to appeals in the Courts of Appeal, said article governs and regulates applications for rehearing in the Courts of Appeal. The article reads as follows: "In the interval between the day on which the judgment is rendered and that on which it becomes final, a party dissatisfied with the judgment may apply to the court for a new hearing in the cause, and for this purpose shall present a petition, in which he shall state substantially the reasons for which he thinks the judgment erroneous, and shall cite the authorities in support of his opinion."
It is obvious that the application for rehearing under consideration does not precisely meet the requirements of this article and it would follow that the relief sought by defendant should be granted if this article now has application to rehearings in the Courts of Appeal.
It will be observed by reading the article that the applicant for a rehearing "shall present a petition, in which he shall state substantially the reasons for which he thinks the judgment erroneous, and shall cite the authorities in support of his opinion", whereas rule No. 9 of this Court allows the applicant to support the petition for a rehearing by brief independent of the application which must conform to practically the same requirements as are necessary under Article 912 of the Code of Practice.
To support its position, plaintiff in rule cites and quotes from the following cases decided by the Supreme Court: Brown v. *Page 623 
Stroud et al., 34 La. Ann. 374; Lacroix et al. v. Camors et al., 34 La. Ann. 639.
These cases enforce in the Supreme Court the requirements of Article 912 of the Code of Practice. They correctly construe the article, the provisions of which are quite unambiguous.
Plaintiff in rule also cites and quotes from: Tyson v. Victory Industrial Life Insurance Co., La. App., 4 So.2d 603; Armbruster v. Behan, 3 Orleans Appeal, 184, decided by the Orleans Court of Appeal; and Walker v. Mills Engineering Construction Co. et al., La. App., 153 So. 344, 345, decided by the First Circuit.
In this last case the application for rehearing was filed with the Clerk of the District Court instead of the Clerk of the Court of Appeal. For this reason the application was rejected. The Court went further, however, and held that the application was purely formal and "does not point out specifically any error in the opinion and judgment handed down herein."
In the two cases from the Orleans Court of Appeal, that court declined to entertain applications for rehearing because they did not comply with its rule as regards rehearing, which rule was patterned after Article 912 of the Code of Practice. In the Tyson case the rule [rule 10] is quoted. It reads as follows, to-wit [4 So.2d 606]: " 'The application for rehearing shall be made by petition, filed within the legal delay and containing a statement of the points of law and fact upon which it is founded. * * *' "
The prevailing rule of that Court when the Armbruster case was decided is slightly different in language but about the same in substance.
It is readily observed that these rules require that the application for rehearing itself shall contain the points of law and fact with authorities, upon which it is founded.
Accepting plaintiff's brief on the subject, the rule of the First Circuit, with respect to applications for rehearing therein, reads as follows: "Applications for rehearings must be filed within the legal delay and in the manner required by law."
Presumably the law to which this rule intends to refer is Article 912 of the Code of Practice.
Defendant in rule calls our attention to the difference in language between Article 103 of the Constitution of 1879 and Article 104 of the Constitution of 1898, which difference has been carried into Section 27 of Article VII of the Constitution of 1921. Article 103 reads as follows: "The rules of practice regulating appeals to, and proceedings in the Supreme Court, shall apply to appeals and proceedings in the courts of appeal, so far as they may be applicable, until otherwise provided bylaw."
Section 27 of Article VII of the Constitution of 1921 reads exactly like Section 103 of the Constitution of 1879, except the words "by law" in the last clause in Section 103 are omitted.
It is forcefully argued by defendant in rule that deletion of the words "by law" worked a far-reaching change in the rule-making power of the Courts of Appeal. He contends that the effect of this deletion was to confer upon the Courts of Appeal power and authority to adopt rules for the conduct of litigation before them which need not follow those of or prescribed by law for the Supreme Court; that "until otherwise provided" means until otherwise provided by rules of the Courts of Appeal themselves.
It is certain that under Section 103 of the Constitution of 1879 the rules to be adopted by the Courts of Appeal, therein established, had to be the same as those prescribed for or by the Supreme Court, so far as practicable, until "otherwise provided by law", which means by legislative action or constitutional provision.
[3] Obvious reason existed for the incorporation of Section 103 in the Constitution of 1879. Prior to that date there were no Courts of Appeal as we now know them in the state. Such courts were created by that Constitution and the state was divided into five circuits, having two judges each. Of necessity, the newly created courts must have rules for the transaction of business before them. Evidently the Legislature did not choose to confer upon these newly created courts unlimited rule-making *Page 624 
power; hence, the restriction embodied in Section 103. As time passed and these courts attained more importance in the administration of justice, it is argued, and we think correctly, that it was right and proper they should be vested with power to adopt rules of their own that would not necessarily track those of and in the Supreme Court. "Otherwise provided", we think, means that these courts may adopt rules of their own choosing, and are not controlled in so doing by those of the Supreme Court or by statutes prescribing rules for that court unless the statute expressly so states.
The Code of Practice which contains Article 912 was adopted in 1870 when, as before stated, there were no Courts of Appeal. The article, of course, was designed to regulate applications for rehearing in the Supreme Court. It established a rule that that court was obliged to observe and follow. When the Courts of Appeal were created the rule of practice prescribed in said article automatically devolved upon them under the plain language of Section 103 of the Constitution of 1879, and which they were bound to follow until altered by subsequent legislative enactment or by organic law.
[4] If the framers of the Constitution of 1898 did not have in mind the idea that the Courts of Appeal should be given the right and power to adopt practice rules for their own guidance, why, we ask, were the words "by law" stricken from Section 103 of the Constitution of 1879? The purpose of the deletion would seem quite clear.
If the other Courts of Appeal of this state elect to follow Article 912 of the Code of Practice, it is their obvious right to do so. It would be their own rule although in the language of this article. It is not necessary that the rules of all of the Courts of Appeal of the state be identical. If the judges of the Court of Appeal for the Second Circuit chose to have a rule on the question of applications for rehearing different, in some respects, from that prevailing in the other Courts of Appeal, we think they had the right to do so.
We have before us, in pamphlet form, the rules of the Court that were adopted in 1907 and, with some revisions and changes, re-adopted in 1921 at which date the Court consisted of Judges C.V. Porter, R.B. Dawkins, and D.N. Thompson. The rules were last revised and reproduced in 1933. Rule No. 9, with only slight change in wording, is a reproduction of the rule covering the same subject matter that was adopted in 1907. The rule of 1933 is identical in language with that of 1921.
This is the first instance in which the application of the rule has been attacked for any reason, although for forty years or more, this Court, regardless of changes in personnel, and the Bar, have interpreted the rule in such manner as approved the filing of applications for rehearing, couched in general language, provided such applications were accompanied by brief detailing specific grounds of error in the Court's decrees, and citing authorities in connection therewith. This Court has meticulously followed its rule, except in cases where additional time in which to file brief has been granted by it.
For the reasons herein given, the rule is recalled and the petition therefor is dismissed at cost of the defendant.